**Lula M. WHITLOCK, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3294.

United States Court of Appeals, Federal Circuit.

July 10, 2003.

Before MICHEL, SCHALL, and PROST, Circuit Judges.

### ORDER

MICHEL, Circuit Judge.

The court vacates the decision of the Merit Systems Protection Board ("MSPB"), *Whitlock v. Office of Personnel Management,* Docket No. DC–0831–02–0012–I–1 (January 17, 2002), affirming the Office of Personnel Management's ("OPM") denial of annuity benefits and remands the appeal on the basis that it is unclear to the court what claims were raised before the MSPB, and, as a result, it is impossible for the court to determine

what issues are properly before it in this petition and what, if any, claims or defenses were waived by either of the parties.

On remand the Administrative Judge should determine if Whitlock asserted below that OPM failed to give the legally-required notice to her former husband, George Whitlock, about the steps required for him to specify a former spouse as a beneficiary for his survivor annuity. If the Administrative Judge determines that Whitlock did make this claim, then it should also ascertain whether OPM waived the right to prove that George Whitlock *did* receive such notice by not presenting evidence to meet its burden of proof. If OPM did waive the right to prove notice, then the Administrative Judge should re-open the record and make findings on the second step of this type of claim, namely, on the question of whom George Whitlock intended as the beneficiary (or beneficiaries) of his survivor annuity. *See Vallee v. Office of Pers. Mgmt.*, 58 F.3d 613, 616 (Fed.Cir.1995) (holding that after proving that a retiree did not receive sufficient notice about his election rights for his survivor annuity, a former spouse asserting a right to annuity must then present evidence sufficient to show that the retiree indeed *intended* to provide a survivor annuity *for her*). If Whitlock made such a claim about notice but there was no waiver by OPM, then the Administrative Judge should reopen the record and then make findings about notice to George Whitlock, including the sufficiency of any notice, and then decide the merits of Whitlock's appeal based on the new findings.

Accordingly,

IT IS ORDERED THAT:

The decision of the MSPB is vacated and the case is remanded to the MSPB for further proceedings in accordance with the instructions above.